**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:25-CV-00132-HBB**

**KIMBERLY B.**[1] **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

## I. BACKGROUND

Before the Court is the Complaint (DN ) of Kimberly B. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 11) and Defendant (DN 12) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered February 5, 2026 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted. No such request was filed.

## II. FINDINGS OF FACT

On December 21, 2022, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 21, 200-08). Plaintiff alleged that she became disabled on December 5,

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2022, as a result of broken neck and numbness in her hands (Tr. 21, 75, 226). The application was denied initially on July 3, 2023, and upon reconsideration on December 14, 2023 (Tr. 21, 74, 84, 95-99, 109-12). On February 2, 2024, Plaintiff filed a written request for hearing (Tr. 21, 114).

On July 1, 2024, Administrative Law Judge Marcus Johns ("ALJ") conducted a telephonic hearing (Tr. 21, 43-44). Plaintiff and her counsel, Richard Burchett, participated (*Id.*). Diane Regan, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated August 30, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 21-35). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 21, 2022, the application date (Tr. 23). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine status post fusion of C3-T2; bilateral carpal tunnel syndrome status post carpal tunnel release on left; substance use disorder (drugs) in remission; depression; anxiety; post-traumatic stress disorder ("PTSD"); and personality disorder (*Id.*). The ALJ also determined that Plaintiff has the following non-severe impairments: obesity (Tr. 23-24). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 24).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except never climb ladders, ropes or scaffolds, never crawl; occasionally climb ramps and/or stairs; frequently feel, finger, handle with the bilateral upper extremities; no overhead reaching with the bilateral upper extremities; no

exposure to vibratory hand tools; and must avoid concentrated exposure to extreme cold, humidity, vibration, as hazards as defined in the Selected Characteristics of Occupations ("SCO") of the Dictionary of Occupational Titles ("DOT"); can understand, remember, and carry out simple instructions; can frequently interact with the public, coworkers, and supervisors; can deal with occasional changes in a routine work setting (Tr. 26). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 34).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 34-35). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 21, 2022, through the date of the decision (Tr. 35).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 197-99). The Appeals Council denied Plaintiff's request for review (Tr. 5-7).

## III. CONCLUSIONS OF LAW

### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even

if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 5-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

**B. <u>The Commissioner's Sequential Evaluation Process</u>**

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. § 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

**C. <u>Challenge to Finding No. 9</u>**

**1. *Arguments of the Parties***

Plaintiff claims that Finding No. 9 is not supported by substantial evidence because the ALJ failed to follow the established procedure in evaluating whether the number of jobs Plaintiff can perform constitute a significant number as contemplated by the regulations (DN 11 PageID # 977-80). Plaintiff explains that the vocational expert responded to the ALJ's hypothetical question by identifying three occupations with a total of 57,000 jobs in the national economy (*Id.* at PageID # 978) (citing Tr. 69-70). Plaintiff indicates "[w]ith no other discussion, the administrative law judge accepted the vocational expert testimony with the conclusion that the Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy" (*Id.* at PageID # 978-79) (citing Tr. 35). Plaintiff points out that the ALJ "is

required to determine whether work exists in significant numbers based on several factors, none of which includes a bright-line rule giving a definitive number of jobs as meeting the standard" (*Id*) (citing *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)). Plaintiff asserts the vocational expert's testimony shows "there are very limited job titles with total numbers of around 57,000 throughout the nation that allow the adjudged sedentary exertional limitation with no more than frequent handling, fingering and feeling along with the other limitations adjudged" (*Id.* at PageID # 979). Plaintiff reasons "[i]f these identified jobs were spread evenly nationwide, about 741 of such jobs would be expected to be found within the Plaintiff's home state according to the percentage of national population" (*Id.*). Plaintiff points out that in *Mackins v. Astrue*, 655 F. Supp. 2d 770, 773 (W.D. Ky. 2009), "[t]he Court remanded the claim for new testimony where the vocational testimony eliminated all but 900 jobs in the state of Kentucky and 60,000 in the nation as a whole" (*Id.*). Plaintiff contends, in reaching the conclusion in Finding No. 9, the ALJ should have discussed the enumerated factors in *Hall*, 837 F.2d 275, especially the isolated nature of the jobs identified (*Id.*). "According to *Hall v. Bowen*, the Commissioner as fact finder must enumerate what constitutes a substantial number of jobs considering multiple factors and weighing the particular factual criteria presented by the Plaintiff's claim (*Id.* at PageID # 980).

In response, Defendant argues because the ALJ complied with Social Security Ruling 00-4p ("SSR 00-4p"), he reasonably relied on the highly qualified vocational expert's testimony in finding Plaintiff not disabled at step five (DN 12 PageID # 984-86). Defendant indicates because Plaintiff has not challenged the ALJ's RFC finding or the limitations in the hypothetical question to the vocational expert, the ALJ could reasonably rely on the vocational expert's testimony to support the step-five finding (*Id.* at PageID # 986) (citing *Smith v. Halter*, 307 F.3d 377, 378 (6th

Cir. 2001)). Defendant asserts that the Sixth Circuit has upheld an ALJ's decision where the vocational expert only identified 18,800 jobs in the national economy, and consequently the job numbers in this case constitute substantial evidence (*Id* at PageID # 986-87) (citing *Norris v. Comm'r of Soc. Sec.*, 139 F.4th 541, 547-48 (6th Cir. 2025)). Moreover, argues Defendant, the ALJ is not required to show that the identified jobs exist in her local economy (*Id.* at PageID # 987) (citing *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999); *Nation v. Apfel*, 98-6759, 1999 WL 970302, at *8 (6th Cir. Oct. 15, 1999) (holding it is sufficient for the vocational expert to identify a significant number of jobs that exist in the national economy that Plaintiff could perform)). Defendant suggests that Plaintiff's reliance on the holding in *Hall* is misplaced because it fails to show the ALJ's decision was erroneous (*Id.* at PageID # 987) (citing *Hall*, 837 F.2d at 275). Defendant points out that the Sixth Circuit has subsequently held because the *Hall* factors are only suggestions and ALJ does not need to consider each factor (*Id.*) (citing *Harmon*, 168 F.3d at 292). Defendant explains, "[a]n ALJ is ultimately responsible for determining whether the evidence provided by the vocational expert is adequate to support a decision at step five that Plaintiff can perform a significant number of jobs in the national economy" (*Id.* at PageID # 987-88) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Defendant asserts that here, the ALJ confirmed the vocational expert's qualifications; solicited objections to the expert—there were none; queried whether there was any conflict between the vocational expert's testimony and the DOT; and provided an opportunity for Plaintiff to cross-examination (*Id.* at PageID # 988) (citing Tr. 67-71). Therefore, reasons Defendant, the vocational expert's testimony satisfies the substantial evidence threshold (*Id.*) (citing *Biestek v. Berryhill*, 203 U.S. 97, 105 (2019)).

### 2. *Discussion*

While Plaintiff bears the burden of proof during the first four steps, the burden shifts to the Commissioner at step five. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the national economy that the claimant can perform, given his or her age, education, past work experience, and RFC. 20 C.F.R. §§ 416.920(a)(4)(v) and (g), 416.966(a); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).

Here, the ALJ determined that three representative occupations with a total of 57,000 jobs in the national economy constitute work that exists in significant numbers in the national economy (Tr. 35). The Social Security Act, as amended, provides that "'work which exists in the national economy' means work which exists in significant numbers *either* in the region where such individual lives *or* in several regions of the country." 42 U.S.C. § 423(d)(2)(A) (emphasis added). The regulations implementing the Social Security Act clarify the analysis:

> (a) *General*. We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether—
> (1) Work exists in the immediate area in which you live . . .
> (b) *How we determine the existence of work*. Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered work which exists in the national economy. We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

20 C.F.R. § 416.966 (a) and (b).

The Sixth Circuit "and the Supreme Court have determined that a vocational expert's testimony about the total number of jobs in the national economy available to the applicant may support the denial of benefits." *Norris v. Comm'r of Soc. Sec.*, 139 F.4th 541, 547 (6th Cir. 2025) (citing *Biestek*, 587 U.S. at 105-08). The Sixth Circuit has explained that "the significant numbers inquiry is 'a fact question reviewed for substantial evidence.'" *Norris*, 139 F.4th at 546 (quoting *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016). "What constitutes a significant number of jobs is determined case by case." *Id.* (citing *Hall*, 837 F.2d at 275).

In *Hall* the Sixth Circuit commented "[w]e are not blind, however, to the difficult task of enumerating what constitutes a 'significant number.' We know that we cannot set forth one special number which is to be the boundary between a 'significant number' and an insignificant number of jobs." 837 F.2d at 275. Consequently, the Sixth Circuit instructed that:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

*Id*. The Sixth Circuit has explained that the above factors "were suggestions only—the ALJ need not explicitly consider each factor." *Harmon*, 168 F.3d at 292.[2]

During the evidentiary hearing, the ALJ's first hypothetical question to the vocational expert articulated the limitations set forth in the RFC finding (*compare* Tr. 26 *with* Tr. 69). When asked if there would be past work, the vocational expert indicated "no" (*Id.*). When asked if there

2 "The Act, its legislative history and the regulations make it clear that the test is whether work exists in the national economy, not in plaintiff's neighborhood." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).

would be other work existing in the national economy, the vocational expert identified three jobs: an inspector (DOT No. 669.687-014) with 25,000 jobs; a sorter (DOT No. 739.687-182) with 12,000 jobs; and a bench assembler (DOT No. 734.687-074) with 20,000 jobs (Tr. 69-70).

On cross-examination, the vocational expert confirmed that the three identified jobs are representative occupations (Tr. 70-71). Additionally, the vocational expert explained while there are other occupations, the nationwide numbers for each of those occupations would be around 5,000 (Tr. 71).

On redirect, the ALJ asked the vocational expert if her testimony has been "consistent with the DOT and companion publications. And if not, please provide the basis for your testimony" (*Id.*). The vocational expert responded, "[t]he differentiation in climbing, overhead reach, interaction levels, time off tasks, those are all based on my experience in the field. Everything else is consistent" (Tr. 71).

Pursuant to SSR00-4p, the ALJ determined that the vocational expert's testimony is consistent with the information in the DOT (Tr. 35). The ALJ also recognized that "[t]he vocational expert testified that the differentiation in climbing, overhead reaching, interaction levels, and time off task was based on her professional experience" (*Id.*). Based on the vocational expert's testimony, the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (*Id.*).

The Sixth Circuit has indicated, "[a]ll that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict."

*O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020). The ALJ satisfied this requirement when he asked the vocational expert whether her testimony aligned with the DOT (Tr. 71). Moreover, "the ALJ was under no duty 'to conduct an independent investigation' into the vocational expert's testimony to determine whether it was correct." *Id.* at 318 (quoting *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)).

Notably, during the administrative hearing, Plaintiff cross-examined the vocational expert (Tr. 70-71). But Plaintiff did not ask the vocational expert how many of these three representative jobs exist in the region where she lives, the state where she lives, and in other regions of the country (*Id.*). Stated differently, Plaintiff made no attempt to develop her claim through cross-examination (*Id.*). As a result, the Court cannot know if cross-examination would substantiate or refute Plaintiff's speculative assertion that the vocational expert has not identified a "significant number" of jobs in the national economy.[3] Because the DOT continues to be recognized as a source of reliable job information and Plaintiff failed to cross-examine the vocational expert about this claim when she had the opportunity, the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that Plaintiff is able to perform work that exists in "significant numbers" in the national economy. *O'Neal*, 799 F. App'x at 318.

As mentioned above, Plaintiff points out that in *Mackins*, 655 F. Supp. 2d at 773, "[t]he Court remanded the claim for new testimony where the vocational testimony eliminated all but 900 jobs in the state of Kentucky and 60,000 in the nation as a whole" (DN 11 PageID # 979). But in *Makins* the Court indicated it was not aware of any controlling authority, nor had the

3 Plaintiff's speculative assertion is premised on the unfounded assumption that "[i]f these identified jobs were spread evenly nationwide, about 741 of such jobs would be expected to be found within the Plaintiff's home state according to the percentage of national population" (DN 11 PageID # 979).

Commissioner cited any such authority, that "finds 900 jobs in the state or 60,000 jobs in the nation to represent a 'significant' number of jobs in the national economy." *Id.* at 773.

The Sixth Circuit has subsequently indicated that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant.'" *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (*see*, *e.g.*, *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir.2009) (2000 jobs); *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir.2009) (collecting cases to conclude "it appears to be well-established that 1,000 jobs is a significant number"); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988) (500 jobs); *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th Cir.1989) (1266 jobs)). The Sixth Circuit explained:

> Whether a claimant can perform "significant numbers" of jobs nationally is merely part of the overall question of whether she can "engage in any substantial gainful activity" despite her limitations. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3). It is impossible to say she can—and thus impossible to determine the number of jobs that is "significant" enough—without taking into account her individual circumstances.
>
> . . .
>
> That an ALJ must tailor the determination of what is significant to the facts of each claimant's case is why we have said that ALJs "should consider many criteria in determining whether work exists in significant numbers." *Hall v. Bowen*, 837 F.2d at 275. It is why we have said "we cannot set forth one special number which is to be the boundary between a 'significant number' and an insignificant number." *Id.* And it is why substantial evidence review applies. *See id.*; *see also* 42 U.S.C. § 405(g). Under that standard, the ALJ did not commit a reversible error. For substantial evidence supports the conclusion that Taskila could perform at least two jobs that are meaningfully available locally (200 jobs) and nationally (6000).

*Taskila*, 819 F.3d at 905-06.

As mentioned above, Plaintiff claims that the ALJ erred in failing to discuss the enumerated factors in *Hall* (DN 11 PageID # 979). It warrants mention that Plaintiff, after hearing the vocational expert's testimony, did not inform the ALJ of her belief that the vocational expert had

failed to identify a "significant number" of jobs in the national economy (Tr. 70-72). Notwithstanding, the Court has reviewed the ALJ's decision holistically to address Plaintiff's claim. *See Martinek v. Comm'r of Soc. Sec.*, No. 1:25-CV-01735-DAC, 2026 WL 1745689, at *7 (N.D. Ohio June 17, 2026) (citation modified) (reading ALJ's decision as a whole and with common sense); *Lisa R. v. O'Malley*, No. 3:23-CV-409-CRS-CHL, 2024 WL 4024506, at *5 (W.D. Ky. Sep. 3, 2024); *Carter v. Comm'r of Soc. Sec.*, No. 5:24-CV-00087-KKC, 2024 WL 5055830, at *3-4 (E.D. Ky. Dec. 10, 2024) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013) (reading ALJ's decision holistically or as a whole).

Contrary to Plaintiff's assertion, the ALJ considered most of the *Hall* factors. Specifically, the ALJ considered the level of Plaintiff's disability (Tr. 26-34); the reliability of the vocational expert's testimony (Tr. 35); the reliability of Plaintiff's testimony (Tr. 27-34); and the types and availability of the representative occupations (Tr. 35). *See Hall*, 837 F.2d at 275.

For the reasons set forth above, substantial evidence supports the ALJ's conclusion that Plaintiff could perform at least three jobs that are meaningfully available nationally (57,000). Consequently, Plaintiff is not entitled to relief on her challenge to Finding No. 9 in the ALJ's decision. Relatedly, contrary to Plaintiff's assertion, Finding No. 10 is supported by substantial evidence in the record.

## IV. CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified). Regardless of how this Court may view the

evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly follows the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## V. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

September 30, 2026

H. Brent Brennenstuhl

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies: Counsel